**BLACK et al. v. GOOLSBEE et al.　(No. 625.)***

(Court of Civil Appeals of Texas.　Beaumont.
Dec. 9, 1920.)

**Adverse possession ⊜⊸47—Entry and removal
of timber by record owner held to stop run-
ning of limitations.**

In trespass to try title, where the land was
claimed under the 10-year statute of limita-
tions and inclosed by a fence by the limitation
claimant, and it appeared that the record owner
before the expiration of the 10-year period en-
tered and cut and removed the timber from the
inclosure without opposition, *held*, that the en-
try of the true owner and the removal of the
timber were sufficient to stop the running of
limitations in favor of the limitation claimant.

Appeal from District Court, Tyler County;
D. F. Singleton, Judge.

Suit to try title between Mrs. V. B. Black
and others, and C. E. Goolsbee, and others,
trustees.　Judgment for the latter, and the
former appeal.　Affirmed.

Collins & Morris, of Beaumont, for appel-
lants.

J. A. Mooney, of Woodville, for appellees.

WALKER, J.　This was a suit in trespass
to try title.　Appellees owned the record
title, but appellants claimed the land under
the statute of limitation of ten years.　The
trial court instructed a verdict for appellees,
to which appellants duly excepted.

The father of appellants, ' under whom
they claim, had cleared up a small field of
four or five acres on the land in controversy,
which he held under fence and which he
cultivated every year for more than ten
years.　During this period of time necessary
to complete the occupancy of ten years, the
record owners went upon the land, cut and
removed the timber, and built a tram across
it, which was used in removing the timber;
also, at this same time, they entered and cut
and removed timber from the little field
held by Black under fence.　While this tim-
ber was being cut and removed, Black as-
serted no claim to it, nor did he oppose the
record owners in cutting and removing it.
There was no occupancy for ten years by
appellants, and those under whom they claim,
before the timber was cut, nor was there
such occupancy for ten years after the tim-
ber was cut.

In Evans v. Houston Oil Co., 211 S. W.
605, we had before us a similar statement of
facts.　In disposing of this issue, we held
that the entry by the true owner for the
purpose of cutting and removing the timber,
and the cutting and removing of the timber,
were sufficient to stop the running of limita-
tion in favor of the limitation claimant.
This principle is also recognized in South

Texas Development Co. v. Manning, 177 S. W.
998.　Quoting from the syllabus:

"The occupancy of uninclosed land for the
purpose of cutting timber under authority from
the true owner was sufficient to break the con-
tinuity of possession of an adverse claimant."

The judgment of the trial court is affirmed.

─────────────────────────────

⊜⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 9, 1921.