George McNEELY, Appellant,

v.

SOUTHWESTERN SETTLEMENT & DE-
VELOPMENT CORPORATION et al.,
Appellees.

No. 5053.

Court of Civil Appeals of Texas.

Beaumont.

July 7, 1955.

A. M. Huffman, Beaumont, for appellant.

Blades, Chiles & Whitworth, Houston,
Wheat & Wheat, Woodville, W. F. Nowlin,
San Antonio, for appellee.

WALKER, Justice.

Under Point 1 of their motion for rehearing, appellants argue that testimony by George McNeely about the cutting of the fence and the use of a water hole on the land in suit was hearsay and therefore incompetent. The contention is overruled. George McNeely seems to have been out of the county at the time of the intruding use by the sawmill operators and so could not have had personal knowledge of this use; but he is a party to the suit and his testimony about the conduct of the sawmill operators was an admission and admissible as such, to prove the truth of the facts related by him, because of the inconsistency between this testimony and the position he takes as a claimant by adverse possession; and it was not necessary that he have per-

sonal knowledge of the facts he testified to, concerning the intruding use, any more than personal knowledge would have been necessary to a formal judicial admission by him. See: Wigmore on Evidence, Sec. 1053; McCormick & Ray, Texas Law of Evidence, Sec. 493. George McNeely's testimony about the sawmill and that showing that the sawmill operators "cut my fence there and used my water hole" is, on this record, enough to support an instructed verdict against him as regards these facts.

Under Point 3 of his motion, appellant repeats his argument that the owner's re-entry must amount to a dispossession, and this contention is involved in those made under Point 2, namely, that the intruding use of the sawmill operators was only casual and temporary. He says: "It is not shown by the record how often or how many times Appellees watered their stock in the water hole. The burden was on Appellee to prove such use of the land by them as would show an intention of the record owner to repossess it. Any stranger to the title might have used the water hole as they did. The mere watering of mules in the water hole was a casual use and not such use as would indicate that the agent of the record owner was attempting to take possession of the pasture for the owner and exclude therefrom the possession of the Appellant."

But as we read the decisions cited in our opinion, it was not necessary that the intruding use be such as to notify appellant, or his representative, that the owner intended to resume possession. The sufficiency of the evidence to prove as a matter of law that the appellant's possession ceased to be exclusive for a substantial period has been fully reconsidered by us and, while recognizing that some elements of this evidence are indefinite in some degree, we adhere to our former conclusion. That part of our original opinion which discussed this matter has been rewritten and papers substituted as a part of our original opinion accompany this opinion.

That the intruding use was temporary is not material, if more than the mere entry referred to in Cobb v. Robertson, 99 Tex. 138, at page 147, 86 S.W. 746, 87 S.W. 1148, for so was the owner's use in Black v. Goolsbee, Tex.Civ.App., 226 S.W. 463. We see no difference in principle between that case and this.

The motion for rehearing is overruled.