### LEONARD BROS. v. STANDIFER et al.
### No. 12905.

Court of Civil Appeals of Texas. Fort Worth.
Nov. 4, 1933.

Rehearing Denied Dec. 2, 1933.

Ernest May, of Fort Worth, for appellant.

Lightfoot & Robertson and Nelson Scurlock, all of Fort Worth, for appellees.

**LATTIMORE, Justice.**

Appellant was the owner of a parking lot which, while conducted across the street from its store, was free for use to the general public, whether patrons of the store or not.

Appellees sued for the value of an automobile parked gratuitously on the lot, which car, as appellees alleged, was stolen from the then exclusive custody of appellant.

The petition alleged gross negligence. When plaintiffs rested, the defendant also rested.

 While proof of delivery to the consenting bailee and nonredelivery to the bailor makes out, if not otherwise qualified, a prima facie case for bailor, shifting the burden of proceeding to the bailee, yet when it is proven that nondelivery to bailor is because of facts consistent with the legal obligation of the bailee, the burden of proof is then on the bailor to show negligence (here gross negligence), which was a proximate cause. Whatever conflicts the cases may have proffered appears settled in Exporters' & Traders' Compress & Warehouse Co. v. Schulze (Tex. Com. App.) 265 S. W. 133.

Here the bailor admits in his pleadings that the car was stolen from appellant. There is no evidence in the record to submit gross negligence of appellant. The fact that the parking lot was crowded; that whoever got the car did not have the claim check; that the caretakers did not discover the absence of the car until the owner returned and demanded said car; that the caretaker did not know who got it, does not make out a case to go to the jury on gross negligence.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by their suit. American Express Co. v. Duncan (Tex. Civ. App.) 193 S. W. 411.