J. W. TRAMMELL V. JACK WHITLOCK ET UX.

No. A-3157. Decided July 25, 1951.
Rehearing overruled October 10, 1951.
(252 S. W., 2d Series, 157.)

*Smithdeal, Lefkowitz & Green, Shook & Shook and J. Y. Shook,* all of Dallas, for petitioners.

The Court of Civil Appeals erred in reversing and rendering the judgment of the trial court and in holding that it was not incumbent on bailors to do more than allege and prove an agreement of bailment, delivery to the bailee and return of the property in a damaged condition, in order to recover. Young v. Lewis, 9 Texas 73; Stooksbury v. Swan, 85 Texas 563, 571, 22 S.W. 876, 963; Boswell v. Pannell, 107 Texas 433, 180 S.W. 593.

*Jackson C. Burroughs,* of Dallas, for respondent.

Where bailor delivers to bailee, chattels, under ,contract providing that chattels are to be returned within a stated time in the same condition, except for ordinary wear and tear, and the chattels are returned in a damaged condition or are not returned at all, the bailor makes out a prima facie case by pleading and proving the contract of bailment and the damages suffered and thus puts the bailee upon his defense to

account for the property, by showing that the loss or damage was due to some cause such as fire, theft or in any other manner consistent with the exercise of due care on his part. Wilson v. Shear Co., 3 S.W. 2d 849; Carothers v. Moore, 183 S.W. 2d 987; City National Bank of Eastland v. Conley, 228 S.W. 972.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

This is a bailor-bailee controversy over damage to a cargo trailer, allegedly borrowed for ten days from plaintiff-respondent, Whitlock and wife, by the defendant-petitioner Trammell, under express agreement of the latter to return it in like good order as when received, except for usual wear and tear, and actually returned in severely damaged condition. Notwithstanding a verdict for the plaintiff-respondents, Whitlock, the trial court held for Trammell, but the Court of Civil Appeals reversed that judgment and rendered judgment against Trammell. 237 S.W. 2d 451. Trammell accordingly seeks relief here.

The petition of respondents Whitlock made substantially the abovementioned averments, with an appropriate statement as to damages, thus omitting any allegation of negligence. The defendant did not except or plead other than a general denial. At the close of the evidence and after the court had overruled the defendant's motion for an instructed verdict, a single issue on liability was submitted and answered to the effect —

"that on or about December 12, 1948, plaintiffs and defendant made an agreement whereby plaintiffs loaned to defendant the trailer involved herein for a period of ten days to be returned at the end of that period in the same condition it was then in, except wear and tear."

The other findings established damage to the trailer in the sum of $2500 in response to appropriate issues. The objections to the charge and the refused issues and instructions, if any, are not included in the record. When the plaintiff-respondents appealed from the judgment non obstante, Trammell as appellee filed no cross assignment of error. However, he sought to sustain the trial court judgment in his favor on the ground that there was no pleading, evidence or fact finding to have justified a judgment for the plaintiff, and makes the same contention as petitioner here. He also contends here that the Court of Civil Appeals should in no event have rendered judgment against him but at most should have remanded the cause for a new trial. In our opinion none of these contentions is sound.

■ As to the failure of the plaintiff-respondents to plead negligence, the defendant's failure to except as required by Rule 90, Texas Rules Civ. Proc., and failure to bring forward any objection to the evidence or to the charge based on the pleadings are a sufficient answer. And there was obviously no surprise or other injustice to the defendant on the trial, because the evidence clearly shows his defense to have been pitched on a denial that he ever made any agreement about, or had any other connection with, the respondents' trailer.

■ The more serious questions are as to the verdict and the evidence. The latter does indeed fail to indicate an agreement with any express provisions for return of the trailer "in the same condition it was then in, except for general wear and tear" or otherwise suggesting that the petitioner Trammell was to be an insurer of the vehicle. However, there is ample evidence of an agreement, for the mutual benefit of both parties, whereby Trammell, who was engaged in the wholesale and hauling of produce, was to keep and use the trailer, while the respondents were to take one of the several trailers owned by Trammell and haul it by their truck or cab on a trip from Dallas to California and return. Trammell's only complaint in this immediate connection is as to the matter of delivery of respondents' trailer to him. We consider this to have been shown by the testimony of respondents to the effect that, following the agreement, they left their tailer on the street at a point near petitioner's place of business and "under" a cab or truck of petitioner and that on the return of respondent Jack Whitlock from California, he was told by petitioner that the trailer had been damaged in a wreck and would be repaired by petitioner. The above quoted finding of the jury is, as stated below, to be taken as a finding of delivery. No error is assigned to its form. Since the main issue on the trial was not the fact of a bailment but whether the bailee was the petitioner or one Tucker hereinafter mentioned, the question of delivery was of small consequence in any event.

The evidence as to the fact of damage to the trailer, during the period of the bailment and the monetary equivalent of such damage is not brought into question.

The proof as to liability presents the principal problem in the case. Plaintiff-respondents testified to making the bailment and to the fact that the trailer was then in good order. They also gave proof that it was redelivered to them in very badly damaged condition, or rather that they repossessed it in the

latter condition on the lot of the Fruehauf Trailer Company where petitioner told them it was. It was also developed in evidence by both parties that the damage occurred in a traffic catastrophe in the State of Arkansas. Petitioner Trammell presented testimony of one Tucker, who did a certain amount of contract hauling for petitioner at and before the period of the bailment and was an employee of petitioner at the time of the trial, to the effect that respondents had loaned the trailer to him, Tucker, instead of to petitioner, and that Tucker had caused his brother to haul goods in it on the trip to Arkansas during which it was damaged. The brother did not testify, and there was no competent proof as to how the catastrophe occurred. On this record the trial court submitted only the above quoted liability issue, which in effect enquired .if the bailment had been made, the court seeming thereby to assume either that the agreement in the form submitted made the defendant-petitioner an insurer and had support as such in the evidence or, on the other hand, that if merely the usual type of bailment were established, the evidence imposed liability as a matter of law.

We need not decide whether an agreement in the form submitted would be "an enlargement by special contract of the common law liability of a bailee", as to which there is persuasive authority that it is not. Reconstruction Finance Corporation v. Peterson Bros., 160 F. 2d 124 (5th Cir.). In so far as the verdict states a "special contract" of the bailee to be responsible for any and all damage, there is no evidence to support it. The liability of the defendant-petitioner accordingly must rest on his failure to exercise reasonable care for the bailed article, as in the usual care of a bailment for mutual benefit. If, assuming the fact of bailment, the evidence still presented a fact question of negligence, then the mere finding of a bailment would not support a judgment for the plaintiff bailor; but if, on the same assumption, the record compelled the conclusion of negligence, judgment should have been rendered in the trial court for the plaintiff-respondent, instead of the petitioner bailee, and the rendition of such judgment by the Court of Civil Appeals was proper.

■ The defendant-petitioner is correct in his contention that the burden of proof on the whole case, including the issue of negligence, is on the respondent bailor, but as stated in Wigmore on Evidence, 3rd Ed., sec 2508, "Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability de-

pends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury." Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care. It is evidently supported by the weight of authority in the United States, including our own state. See cases collected in 8 C.J.S., Bailments sec. 50, n. 87; 6 Am. Jur. (Rev. Ed.), Bailments sec. 371, n. 17; Rhodes v. Turner, Tex. Civ. App., 171 S.W. 2d 208 (mandamus to certify questions refused in Rhodes v. McDonald, 141 Texas 478, 172 S.W. 2d 972); Callihan v. Montrief, Tex. Civ. App., 71 S.W. 2d 564, error refused; Alpine Forwarding Co. v. Pennsylvania R. Co., 60 F. 2d 734, 736 (2nd Cir.); Gilland v. Peter's Dry Cleaning Co., 195 S.C. 417, 11 S.E. 857; Thomas v. Hackney, 192 Ala. 27, 68 So. 296.

As pointed out by Judge Learned Hand in the Alpine Forwarding Co. case, supra:

"The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury."

See also the Gilland and Thomas cases last above cited.

█ The rule is recognized in decisions such as Exporters' & Traders' Compress & Warehouse Co. v. Schulze, Tex. Com. App., 265 S.W. 133, and Mustang Aviation Inc. v. Ridgeway, Tex. Civ. App., 231 S.W. 2d 677, error refused, which held the presumption to disappear or not to exist, when there was evidence indicating the article to have been destroyed in a conflagration and there was no evidence other than the bare fact of a fire to suggest negligence on the part of the bailee. These decisions may be regarded as law in this state in so far as the language of the opinions is limited to the facts involved. But they do not establish that an explanation for the damage such as appeared in the instant case destroys the bailor's prima facie case and requires him to go forward with additional evi-

dence of negligence of the bailee. We agree with the Court of Civil Appeals that the explanation, consisting of the mere fact of the wreck of the trailer in the hands of someone, associated with, though not an employee of, the bailee. is no more of an explanation than if the baliee had simply said he did not know how the trailer came to be damaged. In fact, there being no indication that the trailer was stolen, the inference is that the bailee wrongfully let it out of his possession, which more strengthens than destroys the existing presumption of his negligence. The first alternative of Judge Hand's further statement in the Alpine Forwarding Co. case, supra, to the effect that the bailee of a barge might meet. the presumption of his own fault "by showing, either how the barge was injured, or that however, that was, it was not due to his neglect", cannot refer to a situation like the present, where the explanation does not explain. Especially in a case in which the only defense was a denial of the bailment, would it not seem to defeat the very purpose of the presumption to require the bailor to prove that the party hauling the trailer negligently caused the accident? The effect of Gilland v. Peter's Dry Cleaning Co.; Thomas v. Hackney, and Alpine Forwarding Co. v Pennsylvania R. Co., all supra, is in accord with this view. We accordingly consider the record as reflecting a prima facie case of negligence against the defendant-petitioner which, but for the dispute in the evidence as to the fact of bailment and amount of the damage, would have entitled the respondents to an instructed verdict. Under these circumstances, it was proper to submit only the issues actually presented, and the answers being favorable to the respondents, the trial court should have rendered judgment in their favor rather than against them notwithstanding the verdict. The Court of Civil Appeals having done what the trial court should have done, its judgment should be, and it is hereby, affirmed.

Opinion delivered July 25, 1951.

Rehearing overruled October 10, 1951.