**V. V. BECK et al., Appellants,**

v.

**Fred LASATER et al., Appellees.**

**No. 6559.**

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

Thomas J. Griffith, Jr., Lubbock, for appellants.

Thompson, Coe & Cousins, Dallas, and Allison, Steele & Allison, Levelland, for appellees.

MARTIN, Justice.

Appellee, Fred Lasater, entered into a contract with appellants, V. V. Beck, C. H. Beck and Robert Beck, a copartnership operating as Beck Gin Company, to haul cotton by truck from the Beck Gin Company at Whiteface to the compress in Levelland, Texas. The cotton as transported was owned by customers of the gin company but the company was paying for the transportation of the cotton to Levelland and was liable to the owners for its loss. On or about December 4, 1951, appellants delivered to appellee twenty-nine bales of cotton to be transported to the Levelland compress. Due to a windstorm, the compress and gin were not in operation and appellee parked his truck with the cotton thereon near the gin. The twenty-nine bales of cotton were destroyed by fire of undetermined origin about 5:00 P.M. on the same date. Appellee was insured with the Reliance Insurance Company by a policy of insurance covering "only the legal liability of the assured as a carrier and/or bailee and/or warehouseman." The insurer was made a party to the suit but the correctness of this action is not material to this appeal as the issue here is with refer-

ence to the liability of Fred Lasater, designated herein as appellee.

The case was tried before a jury and only one issue was submitted by the trial court. This issue inquired as to whether Fred Lasater was a common carrier and the jury answered "He was not a common carrier." On this verdict, the trial court rendered judgment for the appellees and appellants perfected an appeal assigning four points of error. The four points of error raise only the two issues of law as ruled upon herein.

■ Appellants assert by their first point that appellee was a common carrier as a matter of law and liable for damages on undelivered cargo as an insurer. It is a correct principle of law that "A common carrier also differs from a private carrier in respect to the risk, the former being regarded by the law as an insurer, * * * the latter being liable like ordinary bailees * * *." 13 C.J.S., Carriers, § 3, p. 30. The jury found that appellee was not a common carrier and appellants have not questioned the sufficiency of the evidence to support such finding. Further, an examination of the record reveals that the uncontroverted evidence supports the jury finding that appellee was not a common carrier. Appellee only transported cotton for the appellants and testified that he did not hold himself out as willing to serve all who may apply and pay his charges. "Persons engaged in the business of draymen, truckmen, etc., for the transportation of goods for hire to anyone desiring their services, are common carriers; but they are not common carriers if they do not hold themselves out as such, and carry only under private contract with one or more persons." 13 C.J.S., Carriers, § 8, p. 39; Mayhew v. McFarland, 137 Tex. 391, 153 S.W.2d 428; Austin Fireproof Warehouse Transfer Co. v. Faltinson, Tex.Civ.App., 144 S.W.2d 905; Burnett v. Riter, Tex.

Civ.App., 276 S.W. 347. Since appellee was not a common carrier, he was not liable for the cotton as an insurer. Appellants' first point of error is overruled.

■ The sole remaining issue in the cause is one concerning the law of bailments. It is appellants' theory, under the principles of law governing the relationship of bailor and bailee, that having proven the delivery of the twenty-nine bales of cotton to appellee as a bailee, he was liable to them for the value of the cotton upon proof of his failure to redeliver the same as the fact of appellee's negligence is presumed. "'The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case.'" Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 159 [3, 4]. The undisputed record reveals the cotton was lost due to fire of undetermined origin and not from any lack of care on the part of the bailee. The courts of Texas have held the presumption of negligence "to disappear or not to exist, when there was evidence indicating the article to have been destroyed in a conflagration and there was no evidence other than the bare fact of a fire to suggest negligence on the part of the bailee." Trammell v. Whitlock, supra, 242 S.W.2d 157, 160 [5, 6] and 8 C.J.S., Bailments, § 27, p. 272. Since there was no proof of negligence on the part of appellee as bailee of the cotton, appellants are not entitled to recover. Trammell v. Whitlock, supra; Exporters' & Traders' Compress & Warehouse Co. v. Schulze, Tex.Com.App., 265 S.W. 133; Mustang Aviation, Inc., v. Ridgway, Tex. Civ.App., 231 S.W.2d 677, writ refused. Appellants' second, third and fourth points of error are overruled.

The judgment of the trial court is affirmed.