**Thelmeda STRINGER and William Leonard Stringer, Jr., d/b/a Stringer Service Station, Appellants,**

v.

**I. F. YARBROUGH, Appellee.**

**No. 5596.**

Court of Civil Appeals of Texas.

El Paso.

April 8, 1964.

Rehearing Denied April 29, 1964.

Long, Welsch & Koehler, El Paso, for appellants.

Rosen & McGregor, El Paso, for appellee.

PRESLAR, Justice.

Appellee I. F. Yarbrough sued appellants Thelmeda Stringer and Leonard Stringer, doing business as Stringer Service Station, for damages to appellee's automobile resulting from a fire occurring to such automobile while it was in the possession of appellants for the purpose of repair. It is undisputed that a bailor-bailee arrangement for the mutual benefit of both parties existed. The fire occurred while the car was in appellants' place of business after repairs had been made to the starter mechanism by a mechanic employee of appellants. The mechanic testified that when he

backed the car out of the stall where the repair work was done it was running "rough", and he raised the hood to find the cause. When he raised the hood he discovered the engine engulfed in flame.

Appellee pleaded several specific acts of negligence, but on the trial before the court without a jury the court found that he proved no specific act of negligence. Judgment was awarded appellee, however, and the court filed the following as its conclusion of law:

"When the defendants, as bailees, delivered plaintiff's automobile to him in a damaged condition as a result of the fire, a presumption of negligence arose against them which they have failed to overcome, viewing the record as a whole. Such failure entitles plaintiff to recover his damages. Trammell vs. Whitlock (4), 150 Tex. 500, 242 S.W. (2d) 157 (Sup.)".

Appellants assign two points of error which, in substance, are that the court decided the case on an erroneous conclusion of law as to the presumption of negligence against them; and secondly, assuming the correctness of such conclusion, the court erred in its finding of fact that they did not overcome such presumption.

■ The bailor-bailee relationship being undisputed, the damage by fire being undisputed, and the finding that appellee—as plaintiff-bailor—proved no act of negligence, being unchallenged, then the sole question is whether appellee can recover on the basis of presumed negligence. We think not.

■ It has long been a part of our law that where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes the bailee's negligence or other fault to be the cause, and places on him the duty of producing evidence of some other cause of loss or injury. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157 (S.Ct., 1951) and cases

there cited. These same authorities point out that it does not change the ultimate burden of proof, but that it is a mere rule for the conduct of the trial, and that it puts upon the bailee the risk of a directed verdict if he does not meet it; but it does no more. Once he has done so, it disappears from the case. There is some confusion as to the nature and quantum of proof which the bailee must offer to meet or overcome the presumption. In some jurisdictions it is held that the bailee meets it when he establishes that damage or loss was occasioned by fire, theft, or other cause beyond his control. Others hold that it is not enough for the bailee to establish the mere fact of fire or theft, but that he must go further and negative want of ordinary care on his part by showing the circumstances surrounding the origin of the fire and the precautions taken to prevent it. In Texas it seems settled that once the bailee establishes that the bailed article was destroyed by fire, there is no presumption against him, and the burden of showing negligence is on the bailor. As stated by the Supreme Court in the Trammell v. Whitlock case (supra):

"The rule is recognized in decisions such as Exporters' & Traders' Compress & Warehouse Co. v. Schulze, Tex.Com.App., 265 S.W. 133, and Mustang Aviation, Inc. v. Ridgway, Tex.Civ.App., 231 S.W.2d 677, er. ref., which held the presumption to disappear or not to exist, when there was evidence indicating the article to have been destroyed in a conflagration and there was no evidence other than the bare fact of a fire to suggest negligence on the part of the bailee. These decisions may be regarded as law in this state in so far as the language of the opinion is limited to the facts involved."

Trammell v. Whitlock was a case where the subject of bailment was a commercial trailer. Bailee sought to meet the presumption of negligence by showing that he had loaned the trailer to someone, not

an employee and not associated with him, and that the trailer was involved in a wreck while in such person's possession. No explanation was given as to how the damage actually occurred. The holding was that such explanation did not meet the duty cast on the bailee in that it was no explanation of how the damage occurred, or that—however it occurred—it was not due to his neglect. In the case before us, appellee urges that Trammell v. Whitlock requires that the appellant-bailee go further than proof of fire alone. It is reasoned that proof of fire alone is no more of an explanation than proof of a wreck. However compelling such argument may be, it is not the law in Texas, and we have found no case so holding, except where there was some form of negligence.

Trammell v. Whitlock, by the above-quoted language, recognizes proof by bailee of damage or destruction by fire as meeting the bailor's prima facie case. Also, decisions by the courts of civil appeals rendered since the Trammell v. Whitlock case have been decided on such basis, and the Supreme Court, has refused error, n. r. e. See Beck v. Lasater, Tex.Civ.App., 286 S.W.2d 957, err. ref., n. r. e, and Western Woods Products Company v. Bagley, Tex.Civ.App., 274 S.W.2d 111, err. ref., n. r. e. Also see Texas City Terminal Ry. Co. v. American Equitable Assur. Co. of N. Y., D.C., 130 F.Supp. 843, and Falls Church Airpark Co. v. Mooney Aircraft, 5 Cir., 254 F.2d 920, for Texas cases decided by the Federal courts.

The burden of proof being on bailor, and it being undisputed that the damage was by fire, and the trial court having found that bailor proved no act of negligence on the part of bailee, it follows that we must sustain appellants' first point, that the case was decided on an erroneous conclusion of law. Such finding makes it unnecessary to consider appellants' other point.

The judgment of the trial court is reversed, and judgment is here rendered that appellee recover nothing by his suit.