Leo IRISH, Appellant,

v.

Wayne VIRDELL, dba Brady Truck Service, Appellee.

No. 11210.

Court of Civil Appeals of Texas.

Austin.

May 27, 1964.

Rehearing Denied June 17, 1964.

E. B. Fuller, Arthur Mitchell, Phillip W. Gilbert, Austin, for appellant.

Holloway & Slagle, Brownwood, for appellee.

ARCHER, Chief Justice.

This is a negligence case, brought by appellant, Leo Irish, against appellee, Wayne Virdell, doing business as Brady Truck Service, for damages based upon the destruction of appellant's truck while in appellant's garage for repairs. The case was tried before the 35th Judicial District Court of McCulloch County, Texas, sitting without a jury, and judgment was entered for the defendant.

The appeal is predicated on three points and are to the effect that the Court erred in granting judgment for the appellee because the prima facie case of negligent fault against appellee was not overcome by any evidence, that the uncontroverted evidence established that appellee's failure to provide safety equipment to control a fire in his garage was negligence and the proximate cause of appellant's damages, and finally the Court erred in refusing to allow appellant to introduce into evidence the N.A.D.A. Book as a basis for estimating the value of the 1957 Mack truck just prior to its destruction.

It is admitted that there is no material dispute as to the facts in this case.

The defendant, appellee herein, operated a garage in Brady, with the aid of one employee. The plaintiff, appellant herein, left his truck for some repairs about 3 days before the fire, of unknown origin, destroyed the garage and the truck.

The appellee testified he had turned off the gas stove and pulled both electric switches so no electric current could enter, and locked the building.

Wayland Tyler testified that he had his pickup in the garage for repairs and of the work that had been done. He assisted Mr. Virdell in cleaning up the garage and testified that the light switches were pulled and the garage door was locked, and with Mr. Virdell left the scene.

We believe it to be the established law in Texas that when a bailor proves that

the property was delivered to the bailee in good condition, and the bailee fails to return it in similar condition, the burden then devolves upon the bailee to show some explanation of his failure to redeliver; and that when the bailee proves that the property was destroyed by fire, and especially when the fire is of undetermined origin or cause, the burden then is on the bailor to prove by a preponderance of the evidence that the fire was the proximate result of negligence on the part of the bailee, and there is no presumption of negligence.

In 8 Tex.Jur.2d, page 265, under the subject of Bailment, Section 51, the rule is stated as follows:

"Since negligence in fire, theft, storm or accident cases is never presumed, damage to the property by such means does not raise a presumption of negligence. Thus in cases of fire or theft, the burden of showing negligence is on the bailor once it is shown that the property has been destroyed or lost by such means."

Exporters' & Traders' Compress & Warehouse Co. v. Schulze, 265 S.W. 133 (Com.App., Sec. A), opinion adopted; Beck v. Lasater, Tex.Civ.App., 286 S.W.2d 957, er. ref., n. r. e.

Appellant has cited a number of cases, such as Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, which we do not believe to be controlling.

In Beck v. Lasater, supra, the Court stated:

"It is appellants' theory, under the principles of law governing the relationship of bailor and bailee, that having proven the delivery of the twenty-nine bales of cotton to appellee as a bailee, he was liable to them for the value of the cotton upon proof of his failure to redeliver the same as the fact of appellee's negligence is presumed. ' "The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case."' Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 159 [3, 4]. The undisputed record reveals the cotton was lost due to fire of undetermined origin and not from any lack of care on the part of the bailee. The courts of Texas have held the presumption of negligence 'to disappear or not to exist, when there was evidence indicating the article to have been destroyed in a conflagration and there was no evidence other than the bare fact of a fire to suggest negligence on the part of the bailee.' Trammell v. Whitlock, supra, 242 S.W.2d 157, 160 [5, 6] and 8 C.J.S., Bailments, § 27, p. 272. Since there was no proof of negligence on the part of appellee as bailee of the cotton, appellants are not entitled to recover."

■ The evidence only raised an issue of negligence and it is presumed that the Trial Court found all facts so as to support the judgment. No request for and no findings of fact and conclusions of law were filed by the Trial Court and the assumption is that the Trial Court found every disputed fact in such a way as to support the judgment. Construction and General Labor Union Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958.

Since we believe that the Trial Court was justified in entering the judgment in this case, finding that appellant was not guilty of negligence proximately causing the fire, the question of the value of the truck and the admissibility of the N.A.D.A. Book became immaterial.

Mr. Irish carried fire insurance for damage or loss on his truck, and was paid $4500.00, on an actual claim of damage of $4600.00 less $100.00 deductible.

The judgment of the Trial Court is affirmed.

Affirmed.