**ADOLPHUS GARAGE, Appellant,**

**v.**

**Paul A. NELSON, Appellee.**

**No. 105.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 11, 1965.

Rehearing Denied March 4, 1965.

John A. Gilliam and Pinkney Grissom, Thompson, Knight, Wright & Simmons, Dallas, for appellant.

L. W. Westerlage, Dallas, for appellee.

MOORE, Justice.

Plaintiff, Paul A. Nelson, brought this suit against Adolphus Garage alleging that on January 30, 1963, he was the owner of a 1962 Thunderbird automobile which was delivered to the defendant's garage for storage; that at the time he delivered the automobile to defendant same was in good condition and free of any damage; that defendant thereby became a bailee of the automobile and was therefore bound to re-deliver same to the plaintiff in the same condition as when left with defendant. That when plaintiff sought re-delivery of his automobile he discovered that it had been severely damaged. It was stipulated that the damages amounted to $922.79.

Defendant denied generally the allegations of plaintiff's petition and further alleged that the damages to the plaintiff's automobile was not caused by its negligence, but was caused by a collision between plaintiff's automobile and a 1960 Cadillac driven by one of defendant's parking station attendants when the brakes thereon failed; that the failure of the owner of the Cadillac to notify defendant of the defective brakes was a sole proximate cause of the damages. Defendant also pled unavoidable accident.

After a trial before the court without the intervention of a jury, judgment was rendered for the plaintiff in the sum and amount of $922.79, from which defendant perfected this appeal.

In response to defendant's request, the court filed the following findings of fact and conclusions of law: (1) that on January 30, 1963, plaintiff was the owner of the Thunderbird automobile (2) which was left with the defendant who was in the business of operating a parking garage for consideration (3) which was paid; (4) that at the time of delivery the automobile was undamaged; (5) that defendant had exclusive control of the automobile at all times including the time it was damaged; (6) that it was parked on defendant's premises and that (7) thereafter the defendant had exclusive control of the 1960 Cadillac; (8) that defendant's employee, R. D. Crouch, drove the Cadillac from the first floor on defendant's premises, up a ramp and approximately 100 feet to the end of a ramp where he collided with plaintiff's automobile which was parked on the second floor (9) while in the scope

of his employment (10) causing plaintiff's automobile to be thrown in contact with another automobile (11) causing damages of $922.70; (12) that Crouch failed to keep the Cadillac under such control as would have been kept by a person of ordinary prudence in the exercise of ordinary care (13) which was a proximate cause and (14) that he drove the Cadillac at a rate of speed greater than a person of ordinary care would have driven same (15) which was a proximate cause; (16) that the failure to apply the emergency brake (17) was not negligence nor (18) the proximate cause; (19) that the foot brakes on the Cadillac failed (20) which was a proximate cause of the collision; (21) that the collision was not the result of an unavoidable accident; (22) that the owner of the Cadillac did not commit any negligent act or omission. In Conclusions of Law the court found (1) that the agreement between the parties amounted to a bailment for hire, and (2) that the facts and law being with the plaintiff, he was entitled to recover his damages.

Defendant contends that plaintiff was not entitled to judgment because plaintiff's case was based only on presumed negligence under the doctrine of res ipsa loquitur, and that when defendant offered proof showing that the defective brakes on the Cadillac were a cause of collision and damages that such proof, as a matter of law, amounted to a satisfactory explanation showing no negligence on defendant's part and hence plaintiff's case based on the theory of res ipsa loquitur was destroyed, and not having alleged any negligence in his pleadings, he cannot recover on negligence. Defendant further contends that there was no evidence to support the judgment, and alternatively that the judgment was against the overwhelming weight and preponderance of the evidence.

The findings of fact and conclusions of law do not indicate whether the judgment is based upon the theory of presumed negligence under the doctrine of res ipsa loquitur or whether the judgment is based upon an affirmative finding of negligence against the defendant. It will therefore be necessary for us to determine whether the judgment may be supported on either theory.

Plaintiff's original petition, on which he went to trial, alleged facts showing only that at the time he left his automobile with defendant it was in good condition, but that when he returned, he found it to be severely damaged. Negligence was not alleged, either generally or specially.

The doctrine of res ipsa loquitur has been applied by the Texas courts in bailment cases. Hislop v. Ordner, 28 Tex. Civ.App. 540, 67 S.W. 337; Barclay v. Burge, 245 S.W.2d 1021 (Tex.Civ.App.). When the bailee alleges a case of presumed negligence, it has been held that:

"* * * the burden of proof on the whole case, including the issue of negligence, is on the * * * bailor, but as stated in Wigmore on Evidence, 3rd Ed., § 2508, 'Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury.' Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who

entrusted it to his care. It is evidently supported by the weight of authority in the United States, including our own state." Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 159. (Citing cases.)

■ The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it but does no more; once he has done so, it disappears from the case. Beck v. Lasater, 286 S.W.2d 957 (Tex.Civ.App.).

■ Under such a situation to avoid a right to an instructed verdict for the bailor, it is incumbent upon the bailee to produce evidence explaining that the loss was brought about by some other cause, and the proof offered must be such as would prohibit the court from granting bailor an instructed verdict. Trammell v. Whitlock, supra.

■ In rebuttal of the plaintiff's prima facie case, defendant called as witnesses R. D. Crouch, the driver of the Cadillac, who testified that although he exercised due care, he was unable to avoid the collision· because of a sudden failure of the brakes; and C. E. Williams, an automobile mechanic, who testified that the cause of the failure of the brakes was a break in the hydraulic line. The defendant pled that the defective brakes were the sole proximate cause. We think the proof offered is sufficient to prevent the court from granting an instructed verdict for the plaintiff and was, therefore, effective to rebut the prima facie case. Exporters' & Traders' Compress & Warehouse Co. v. Schulze, 265 S.W. 133 (Tex.Com.App.), and Mustang Aviation, Inc. v. Ridgway, 231 S.W.2d 677 (Tex.Civ.App.), er. ref.

We turn now to the question of whether or not the plaintiff has sufficiently pled and proved negligence as would be required in an ordinary negligence suit. Plaintiff's proof, by reason of the nature of the occurrence was confined to the testi-mony offered by the witness for the defendant. By cross-examination plaintiff sought to show that defendant's employee Crouch was guilty of negligence in driving the Cadillac at an excessive speed and in failure to keep the same under proper control. Defendant objected on the ground that there was no pleading alleging negligence. The objections were overruled and the court proceeded to hear the testi-mony.

Defendant now contends that the trial court erred in admitting the testimony relating to negligence and basing his judg-ment upon negligence because there was no written pleadings alleging negligence. We overrule the contention.

■ Defendants seek to deny the plain-tiff not only the right of cross-examination, but also the right to rely upon the evidence solicited thereby. Even in the absence of any pleadings at all, plaintiff would have the right to cross-examine the witnesses and develop the facts. If the facts showed negligence, evidence of such would thus be properly before the court. At anytime before judgment, with leave of court, plaintiff would have a right to file a trial amendment meeting such proof.

The record reveals that after trial and before judgment, plaintiff requested leave to file a trial amendment. The amend-ment alleged among other acts of negli-gence that the defendant employees were guilty of negligence in driving the auto-mobile at an excessive rate of speed and in failing to keep the same under proper con-trol. Defendant's objection . thereto was overruled and the trial court ordered the trial amendment filed. The instrument shows to have been filed with leave of the court. On the same day it was filed, the court directed a letter to all attorneys ad-vising that he was ordering the trial amend-ment filed, but "without leave of court." Despite the statement in his letter, the trial court ordered the amendment filed ; and apparently considered the same in filing the findings of fact and in rendering ,

his judgment. The amendment is thought to be sufficient to support the finding of negligence as well as the judgment based thereon.

Defendant has failed to demonstrate that the error, if any, in admitting the testimony prior to the time of the filing of the trial amendment amounted to such a denial of the rights of the defendant as was calculated to cause and probably did cause the rendition of an improper verdict. Rule 434, Texas Rules of Civil Procedure.

The statement of facts, when examined in the light most favorable to the judgment reveals ample evidence of probative force to support the court's finding and the judgment based thereon. Under these circumstances, the judgment of the trial court is binding on this court. Cavanaugh v. Davis, 149 Tex. 573, 235 S.W. 2d 972. Nor is the judgment thought to be against the overwhelming weight and preponderance of the evidence. Defendant's points 1 through 23 are overruled.

Defendant's final point complains of the trial court's refusal to file additional requested conclusions of law.

The requested conclusions seek to have the court find as a matter of law that the proof showing brake failure was sufficient to destroy the presumption of negligence, thus requiring the bailor to assume the burden of pleading and proving that the bailee was negligent, and since the bailor failed to plead negligence, all evidence showing negligence was inadmissible and the trial court was precluded from rendering judgment against bailee based upon negligence. The trial court refused to make any additional conclusions of law.

Although we feel that the court should have filed additional conclusions of law setting forth the legal theory upon which his judgment was based, since the record before us affirmatively shows that

the defendant has suffered no injury by reason of the trial court's failure to file additional conclusions of law, the error, if any, is not reversible. San Antonio Water-Works Co. v. Maury, 72 Tex. 112, 12 S.W. 166; Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.