Landon F. SON, Appellant,

v.

J. T. CARTER, Appellee.

No. 4353.

Court of Civil Appeals of Texas, Eastland.

Nov. 14, 1969.

Cantey, Hanger, Gooch, Cravens & Scarborough, Ft. Worth, Turner & Seaberry, Virgil T. Seaberry, Jr., Eastland, for appellant.

Bill B. Hart, Eastland, for appellee.

GRISSOM, Chief Justice.

J. T. Carter owned an airplane which was kept in Eastland County. He alleged he leased it to Landon F. Son and Nasa Mike Clifford, III, for a week end so that they might use it to fly parachute jumpers near Decatur and that it was damaged during the existence of such bailment contract and returned to Carter in a damaged condition. He sought to recover from said bailees the damages so suffered.

Clifford is a resident of Eastland County, where the suit was filed. Son filed a plea of privilege to be sued in Tarrant County, where he resides. Carter filed a controverting affidavit asserting the right to maintain the suit in Eastland County under exception 4 to Vernon's Ann.Civ.St. Article 1995, which provides that where two defendants reside in different counties suit may be brought in the county where one of them resides. Son's plea of privilege was overruled. He has appealed.

To maintain venue in Eastland County under said exception it was necessary for Carter to establish that Clifford resided in Eastland County and that he had a cause of action against him. It is undisputed that Clifford resides in Eastland County. Upon a trial to the court, plaintiff presented evidence sufficient to support a finding, under the doctrine of presumptive negligence, that defendants were guilty of negligence which was a proximate cause of his damages. The evidence was sufficient to support the presumed finding by the court of the facts essential to establish a cause of action against the resident defendant. It is the generally accepted rule that proof by a bailor that when he delivered possession of his property to a bailee it was in good condition but that it was returned in a damaged condition is sufficient to make out a prima facie or presumptive case of negligence of the bailee. Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 159.

There appears to be no serious controversy about the fact that Carter made out a prima facie or presumptive case of negligence by proving the bailment to defendants and that his plane was delivered to them in good condition and that when it was returned it was damaged. In any event, the evidence was sufficient to authorize such presumed findings by the trial judge. The real question is presented by Son's contention that when he introduced evidence that, during the existence of the bailment contract, while Carter's plane was apparently being taxied on the ground by a third party, whose connection with defendants is not shown, it was driven into the wind, it overturned and was damaged. The authorities are in disagreement as to the effect of such evidence on the presumption of negligence of the bailee. Our Supreme Court has held that, in Texas, a bailor's prima facie or presumptive case of negligence of the bailee is overcome only when the evidence tending to support the contrary inference is conclusive, or is so clear, positive and disinterested that it would be unreasonable not to give effect to it as conclusive. Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W. 2d 854, 858 and Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, 160. The evidence which Son says overcame that presumption does not meet such requirement.

The court was authorized to find that plaintiff established the venue facts requisite to maintaining the suit in Eastland County.

All of appellant's points have been considered and are overruled. The judgment is affirmed.