**ALLRIGHT, INC., Appellant,**

v.

**Clarence John De WINT, Jr., Appellee.**

**No. 15969.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 26, 1972.

Rehearing Denied Nov. 30, 1972.

Tipton & Bishop, George M. Bishop, Houston, for appellant.

Scott & Devlin, Robert G. Devlin, Houston, for appellee.

BELL, Chief Justice.

Appeal from a judgment against appellant for $2500.00, the reasonable value of appellee's automobile that was parked at appellant's parking lot and which was not returned.

Trial was to a jury. The jury found there was delivery to an employee of appellant who took control of the vehicle and that it was not delivered. The jury found appellee had the option to park and lock his vehicle, but failed to find the failure to exercise the option was negligence. It also failed to find appellee was negligent in parking the vehicle and leaving the keys in the ignition.

Appellee was the only witness. The parking lot was located on Prairie Avenue between Austin and La Branch Streets. It occupied about one-half of a city block. There were entrances from each of the above streets. Appellee was acquainted with the three entrances, but he had never seen any guardrails on this lot. On the morning of May 7, 1968, about 8:15 he drove his vehicle onto the lot and turned it over to the attendant. He left his car by the office which was near the center of the lot. He had used this lot for about seven years. There was only one attendant on the lot. This attendant had worked there most of the time appellee had used the lot. A person could park his vehicle and lock it. Appellee sometimes did, but at other times left his keys in the car because his work sometimes required him to use it during the day. The key being available to the attendant, he would be able to park appellee's vehicle so there would be no other cars in front of it and appellee would be free to get his vehicle at will. About 5:45 p. m. appellee went for his car. The attendant looked for it and could not find it. The attendant told appellee he assumed it was stolen. Appellee reported the loss of the vehicle to the police department "as a

theft." The vehicle has never been found. When asked if he was contending the vehicle was stolen, appellee made this answer: "Yes, I would have to assume it was stolen, yes, sir." He also testified he had no idea what happened to the vehicle.

Appellant offered no testimony.

Appellee filed suit September 20, 1968, against "All Rite Parking." In October 1968 that defendant filed an answer setting up that it had no interest in that lot but that it was operated by All Right, Inc. December 2, 1968, appellee filed an amended petition suing only appellant. In the petition appellee alleged facts showing a bailment for mutual benefit of himself and appellant and stated he intended to rely on the doctrine of res ipsa loquitur. In a separate paragraph numbered IV, appellee alleged that through the negligence of defendant, or its employees, the vehicle was removed from the premises without his permission. Then specific acts of negligence were alleged. In paragraph V appellee alleged that immediately before the automobile "was stolen" it was of the reasonable market value of $2935.00.

In September 1969 appellee propounded interrogatories to "All Right Parking," pursuant to Rule 168, Texas Rules of Civil Procedure. On trial appellee read into evidence some of the answers made by the attorney for "All Right Parking." The same attorney represented appellant in this case. These answers showed that appellant was the owner of the lot at the time material. In an interrogatory appellee asked if his vehicle (describing it) was "stolen" from this parking lot on May 7, 1968, and the attorney answered "Yes." The answers also showed there was only one attendant; that persons were required to leave the key with the attendant and that there were two entrances to the lot. The attendant was Anastacio Garcia, 161 Allen Parkway, Houston.

Appellant by point of error asserts the trial court erred in not granting his motion for instructed verdict and motion for judgment because appellee's own evidence and the uncontroverted evidence showed the vehicle was stolen and there was no evidence of negligence on appellant's part.

The court, from the appellee's standpoint, submitted only whether appellee delivered his vehicle, whether the attendant took control of it, and whether the vehicle was redelivered. There was no issue submitted inquiring specifically as to any negligence on the part of appellant.

■ Appellee relies on the rule that there is a prima facie presumption of negligence on the part of the bailee when the bailor proves a bailment for mutual benefit, a delivery of the chattel to the bailee, and a failure by the bailee to redeliver. This is unquestionably the rule where this constitutes all of the evidence. The burden of going forward is then upon the bailee to produce evidence explaining the failure to redeliver in a manner which is consistent with his exercise of due care. When it is shown that the property was stolen, or damaged or destroyed by fire, the bailee has sufficiently explained the failure to return, or to return in undamaged condition, and the bailor must produce evidence from which the inference may be drawn that the theft, or the loss or damage through fire, was the result of negligence on the part of the bailee or his agents. Exporters & Traders Compress and Warehouse Co. v. Schulze, 265 S.W. 133 (Comm.App., judgment adopted); Stringer v. Yarbrough, 378 S.W.2d 416 (CCA—El Paso), n. r. e.; Mustang Aviation, Inc. v. Ridgeway, 231 S.W.2d 677 (CCA—Dallas), wr. ref.; American Express v. Duncan, 193 S.W. 411 (CCA—Ft. Worth), n. w. h.; Munger Automobile Co. v. American Lloyds of Dallas, 267 S.W. 304 (CCA—Waco), n. w. h.; Leonard Bros. v. Standifer 65 S.W.2d 1112 (CCA —Ft. Worth), n. w. h. We find nothing in Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, contrary to these cases. The rules of law we have stated, together with many cases applying them are thoroughly

analyzed in 31 Texas Law Review 46 and 4 Baylor Law Review 327.

The particular problem here is whether there was evidence of probative force to show appellee's vehicle was stolen. Appellant's position is that appellee's own evidence shows it was.

We have recited the substance of appellee's testimony. We only note here that the attendant told appellee he couldn't find the vehicle and assumed it was stolen. Acting on this statement and the fact that the vehicle was missing from the lot, appellee reported the vehicle as having been stolen. Further, appellee stated he stated he was contending the vehicle was stolen. Then appellee introduced in evidence the answer of All Right Parking stating that the vehicle was stolen.

We are of the view that the undisputed evidence showed the vehicle was stolen. The in-court testimony of appellee shows the car was stolen. While his testimony was not based on personal knowledge, he being a party to the suit could by his testimony accept as true the information given him by others. This he has done, and it is an admission against interest. Snyder v. Schill, 388 S.W.2d 208 (CCA—Houston, 1st), ref., n. r. e.; McNeely v. Southwestern Settlement & Development Corp., 284 S.W.2d 167 (CCA—Beaumont), n. w. h.; McCormick & Ray, Texas Law of Evidence (2nd Ed.), Section 1125. This destroyed the presumption of negligence.

We are further of the view there is no evidence of negligence on the part of appellant. The trial court erred in overruling appellant's motion for instructed verdict and motion for judgment.

If we be in error in our conclusion that there was no evidence of negligence, we must still reverse and render. Certainly negligence was not established as a matter of law and appellee obtained no find-ings of negligence and made no request for issues inquiring as to appellant's negligence.

Our holding makes unnecessary a discussion of appellant's other points.

Reversed and rendered.