**CLASSIFIED PARKING SYSTEMS,**
Appellant,

v.

**Ron DANSEREAU, Appellee.**

**No. 1231.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 10, 1976.

Jim B. Craft; Soape, Foster & Halla, Houston, for appellant.

John Mustachio, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is a bailment case.

Ron Dansereau (appellee) filed suit against Classified Parking Systems (Classified or appellant) to recover for the loss of his car, which was stolen from a parking lot owned and operated by Classified. After a non-jury trial, the trial court awarded Dansereau $3,000 in damages. Classified has appealed.

For a fee of $10 Dansereau was to be allowed to park from approximately the middle of August, 1970 to the end of September in a downtown Houston parking lot owned by Classified. Dansereau testified that he generally arrived at the lot around 8:00 a. m. Sometimes he parked the car himself, sometimes he let the attendant on duty park it. He was always obliged to leave his keys in the car, a 1970 Plymouth. He generally returned for his car around 5:35 p. m. On September 14, 1970, Dansereau parked his car in the lot as usual. When he returned for the car around 5:35 p. m., it was gone. The car was returned to him by police some weeks later, stripped of its engine, transmission, wheels, and various accessory items, and with the body somewhat damaged. It is not contested that the car was stolen from the lot on September 14, 1970.

Appellant presents numerous points of error. The sixth and twenty-eighth points assert that the judgment was erroneous because appellee failed to produce any evidence of negligence on the part of appellant.

In a bailment case, the bailor makes a presumptive case of negligence by proving the bailment and the failure of the bailee to return the goods. *Trammell v. Whitlock*, 150 Tex. 500, 242 S.W.2d 157, 159 (1951). The general rule is that:

"[I]n order to rebut the presumption of his negligence, the defaulting bailee must show how the loss occurred and that it was due to some other cause than his own neglect or negligence or that, however the loss occurred, it was not due to his negligence." *Buchanan v. Byrd*, 519 S.W.2d 841, 844 (Tex.Sup.1975).

Appellant asserts, however, that the instant case falls within an exception to the above general rule. Numerous Texas courts, including this one, have held that mere proof of loss of the bailed property by theft or fire, without proof of causation or the exercise by the bailee of due care, is sufficient to rebut the presumption of the bailee's negligence. *See, e. g., Allright, Inc. v. Brubaker*, 473 S.W.2d 593, 594 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ) (theft); *Allright, Inc. v. De Wint*, 487 S.W.2d 182, 184 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ) (theft); *Mustang Aviation, Inc. v. Ridgway*, 231 S.W.2d 677, 678 (Tex.Civ.App.—Dallas 1950, writ ref'd) (fire); *Exporters' & Traders' Compress & Warehouse Co. v. Schulze*, 265 S.W. 133, 134–35 (Tex.Comm'n App.1924, jdgmt. adopted) (fire). However, in the recent case of *Buchanan v. Byrd*, 519 S.W.2d 841, 844 (Tex.Sup.1975) our supreme court stated:

"[T]he rule applied in Texas fire and theft cases is contrary to the weight and trend of modern authorities. See 8 Am. Jur.2d, Bailments §§ 321, 1211 and 44 A.L.R.3d 190. We are convinced that the rule should be reexamined in an appropri-

ate case instead of extending its application to other types of bailment losses."

 We take this opportunity to reexamine, and reject, our former allegiance to the so-called "fire and theft" exception to the general rule. We agree that:

"This rule which permits a bailee's negligence to be presumed was fathered by necessity. As viewed by the Texas courts, the sole reason for its existence is a bailor's need of aid in proving a just cause of action. Little aid is provided if a negligent bailee can discharge his burden of producing evidence by showing only the bare fact of loss by fire or theft." Comment, *Presumptions and the Burden of Proving a Bailee's Negligence*, 31 Texas L.Rev. 46, 55 (1952).

This more modern—and in our opinion more enlightened—view is not without support in prior Texas cases. *See Rhodes v. Turner*, 171 S.W.2d 208 (Tex.Civ.App.—Ft. Worth), *Motion for Leave to File Petition for Mandamus Overruled Sub Nom. Rhodes v. McDonald*, 141 Tex. 478, 172 S.W.2d 972 (1943); *Callihan v. Montrief*, 71 S.W.2d 564 (Tex. Civ.App.—Fort Worth 1934, writ ref'd).

In the present case appellee made a presumptive case of negligence by proving the bailment and the failure of appellant to return the car to him. Appellant failed to offer any testimony that showed its own lack of negligence, and therefore failed to rebut the presumption of negligence.

Appellant's points thirty through thirty-four assert that the pleadings upon which appellee went to trial were insufficient to support various findings of fact and conclusions of law regarding negligence and damages, or to support the judgment. With regard to the pleading of negligence, our holding that the presumption of bailee's negligence was not destroyed by proof that the car was stolen obviates the need to plead negligence. All that is needed is to allege the bailment and the failure to return the car or its return in a damaged condition. *Huie v. Lay*, 170 S.W.2d 823 (Tex.Civ.App.—Amarillo 1943, no writ). Moreover, it does not appear that appellant filed any written motion or exception to appellee's First Amended Original Petition, as required by Tex.R.Civ.P. 90. Any defect which may have been contained in that pleading has therefore been waived by appellant. Accordingly, points thirty through thirty-four are overruled.

The remaining points have been examined and found to be without merit. All of appellant's points of error being overruled, the judgment of the trial court is affirmed.

Affirmed.