# NO. 12-07-00178-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRY FEDRICK,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *CLIFF NICHOLS d/b/a C & N TRUCK*<br>*AND TRAILER REPAIR,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Terry Fedrick appeals from a take nothing judgment following a bench trial. In one issue, Fedrick argues that he was entitled to a judgment as a matter of law in light of factual findings made by the trial court. We affirm.

### BACKGROUND

Fedrick is a truck driver, and he owns a commercial truck manufactured in 1994. The truck apparently developed a short circuit in the wiring and caught fire while it was parked outside Fedrick's home. Fedrick was able to extinguish the fire, and had the truck towed to Nichols's repair facility. Nichols agreed to attempt to repair the truck. One of his employees began the repair job, but could not complete the repair because a part had not yet arrived. The truck was parked outside Nichols's facility overnight when it caught fire again and was burned beyond repair.

Fedrick sued Nichols, alleging that Nichols had contracted to repair the truck and did not repair it, and that Nichols destroyed it. Nichols filed a general denial, and later amended his answer

to include affirmative defenses and a counterclaim for the unpaid repair costs, towing costs, and storage costs as well as for the damage his building sustained as a result of the fire. After an unsuccessful mediation, the parties tried the case to the court. The trial court found that Nichols did not breach his contract with Fedrick to install the parts and to attempt to repair the truck, and that there was insufficient evidence to support Nichols's counterclaim. The trial court determined that Fedrick should take nothing on his claim and that Nichols should take nothing on his counterclaim. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In one issue, Fedrick argues that he is entitled to judgment as a matter of law. Specifically, Fedrick argues that a bailment was created, and that Nichols, the bailee, did not demonstrate that he acted without negligence.

**Standard of Review**

Although he does not propose a standard of review, we interpret Fedrick's argument that he is entitled to judgment as a matter of law to be a challenge to the legal sufficiency of the evidence to support the judgment. *See* ***Dow Chem. Co. v. Francis***, 46 S.W.3d 237, 241 (Tex. 2001). The test for legal sufficiency "must always be whether the evidence at trial would enable [a] reasonable and fair–minded [fact finder] to reach the [result] under review." ***City of Keller v. Wilson***, 168 S.W.3d 802, 827 (Tex. 2005). Legal sufficiency review must credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. ***Id.*** We sustain a legal sufficiency challenge when the record discloses one of the following situations: (1) there is a complete absence of evidence establishing a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence of a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. ***Id.*** at 810.

**Applicable Law**

The elements of a bailment are (1) the delivery of personal property by one person to another in trust for a specific purpose, (2) acceptance of such delivery, (3) an express or implied contract that the trust will be carried out, and (4) an understanding under the terms of the contract that the property

2

will be returned to the transferor or dealt with as the transferor directs. ***Sisters of Charity of the Incarnate Word, Houston, Tex. v. Meaux***, 122 S.W.3d 428, 431 (Tex. App.–Beaumont 2003, pet. denied); ***Prime Products, Inc. v. S.S.I. Plastics, Inc.***, 97 S.W.3d 631, 635 (Tex. App.–Houston [1st Dist.] 2002, pet. denied). A bailment for mutual benefit is one where the item is delivered to the bailee as part of a commercial relationship between the parties. *See* ***Andrews v. Allen***, 724 S.W.2d 893, 895–96 (Tex. App.–Austin 1987, no writ). In such a bailment, the bailee must exercise an ordinary or reasonable degree of care, unless the parties apportion their responsibilities differently. ***Prime Products, Inc.***, 97 S.W.3d at 635.

## Analysis

Following the trial, Fedrick argued that he had shown that he delivered the truck to Nichols and it was damaged. He argued that this was sufficient for him to prove that a bailment contract existed and that Nichols was liable for the damage to the truck. Nichols responded that Fedrick had not pleaded a breach of a bailment contract cause of action because the complaint did not allege negligence or allege that it was a bailment contract that was breached. Nichols argued that he had pleaded such a cause of action or that the issue had been tried by consent.[1]

It is not clear from the trial court's findings of fact and conclusions of law how it resolved this question. At the conclusion of the argument by the parties, the trial court questioned whether the doctrine of res ipsa loquitur applied to this case. Neither party had argued that the doctrine of res ipsa loquitur applied and the trial court's use of the phrase was the first time it had been mentioned. There is a presumption of negligence in bailment cases that is similar to res ipsa loquitur. *Compare* ***Trammell v. Whitlock***, 150 Tex. 500, 505, 242 S.W.2d 157, 159 (1951) (The presumption of bailee negligence "is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care."), *with* ***Marathon Oil Co. v. Sterner***, 632 S.W.2d 571, 573 (Tex. 1982) (Pursuant to the doctrine of res ipsa loquitur, negligence can be inferred when the character of an accident is such that it would not

---

[1] Claims for breaches of bailment contracts can be brought as contract or tort claims depending on the particular facts of the case and the type of action the plaintiff chooses to assert. *See* ***Barker v. Eckman***, 213 S.W.3d 306, 310 (Tex. 2006). Nichols did not concede that a bailment cause of action had been pleaded, but the parties agreed that Fedrick was not asserting a tort claim.

ordinarily occur in the absence of negligence, and the instrumentality causing the injury is shown to have been under the management and control of the defendant.). Fedrick argued that he was entitled to the presumption of bailee negligence, and it is possible that the trial court simply used the term res ipsa loquitur as a shorthand abbreviation for that concept.

The trial court invited the parties to submit briefs outlining their positions. Fedrick did not submit a brief. Nichols submitted a brief in which he stated that he was responding to the trial court's questions. Nichols argued that the res ipsa loquitur presumption of negligence did not apply to Fedrick's claim because Fedrick had not pleaded negligence. This was essentially the same argument Nichols had made earlier as to whether Fedrick had pleaded a breach of a bailment contract cause of action. Thereafter, the trial court issued conclusions of law in which it stated that the "doctrine of res ipsa loquitur does not apply in this cause, since Plaintiff did not plead or generally allege any negligence on the part of Defendant."

This is either an acceptance of Nichols's claim that Fedrick had not pleaded a breach of a bailment contract cause of action, or it is the refusal to consider an evidentiary rule that Fedrick did not seek to apply. We cannot review the trial court's decision if the court decided that Fedrick did not plead the breach of a bailment cause of action, because Fedrick has not raised that issue on appeal. Fedrick did argue in his motion for new trial that he had pleaded a bailment cause of action, and there is faint support for the notion that bailee negligence need not be pleaded to state a bailment cause of action. *See Classified Parking Sys. v. Dansereau*, 535 S.W.2d 14, 16 (Tex. Civ. App.–Houston [14th Dist.] 1976, no writ). But Fedrick does not argue on appeal that the trial court erred by determining, if it did, that he had not pleaded a bailment cause of action.

Generally, a judgment must be supported by the pleadings. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). And a party may not obtain a judgment based upon a theory not pleaded. *Affiliated Capital Corp. v. Musemeche*, 804 S.W.2d 216, 219 (Tex. App.–Houston [14th Dist.] 1991, writ denied). Therefore, if the trial court determined that the bailment cause of action was not pleaded, the trial court could not grant relief on that cause of action, and Fedrick is not entitled to the judgment he seeks. *See Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.*, 223 S.W.3d 1, 19 (Tex. App.–El Paso 2005, pet. denied) (Trial court did not err in failing to award recovery for unpleaded cause of action.); *see also Oil Field Haulers Ass'n v. R.R. Comm'n*, 381

4

S.W.2d 183, 191 (Tex. 1965) (Party may not sustain a favorable judgment on an unpleaded cause of action in the absence of trial by consent.).

We reach the same conclusion if the trial court considered Fedrick's bailment claim on the merits. Fedrick argues that he is entitled to judgment because Nichols's failure to return the truck undamaged gives rise to a presumption that Nichols was negligent, or in other words, that Nichols failed in his duty to treat the bailed truck with ordinary care. Fedrick is correct that there is a presumption of negligence that arises when delivery of a bailed good is shown and the item is not returned or is damaged. *See Classified Parking Sys.*, 535 S.W.2d at 16. With the benefit of this presumption, a bailor makes out a prima facie case if he proves that the bailed goods were delivered and not returned or damaged while in the custody of the bailee, and the bailee must then rebut the presumption of negligence. *Prime Products, Inc.*, 97 S.W.3d at 635; *Classified Parking Sys.*, 535 S.W.2d at 15.

But this presumption is a trial presumption, and it places the bailee at risk only of a directed verdict if the presumption is not rebutted. *See Adolphus Garage v. Nelson*, 387 S.W.2d 472, 474–75 (Tex. Civ. App.–Tyler 1965, no writ) (citing *Trammell v. Whitlock*, 242 S.W.2d 157, 159 (Tex. 1951)). The presumption vanishes when the case is submitted to the fact finder. *Id.* at 475; *see also Trammell*, 242 S.W.2d at 159 (quoting *Alpine Forwarding Co. v. Pennsylvania R. Co.*, 60 F.2d 734, 736 (2d Cir. N.Y. 1932) ("The presumption on which the bailor may rely is a mere rule for the conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury.")).

The burdens of persuasion and proof on the issue of negligence remain on the bailor. *Adolphus*, 387 S.W.2d at 474–75; *see also Buchanan v. Byrd*, 519 S.W.2d 841, 843 (Tex. 1975)*; Mayhar v. Triana*, 701 S.W.2d 325, 326 (Tex. App.–Eastland 1985, writ ref'd). Therefore, it is not enough that Fedrick showed that he had delivered the truck and it was damaged. Fedrick retained the burden of proof on the issue of negligence.

The trial court found that Nichols did not breach his contract with Fedrick to attempt to repair the truck, that Nichols attempted to repair the truck, that his certified mechanic installed parts and checked for electrical shorts, and that all parts were found to be properly operational and working.

5

These findings are supported by the record.

The trial did not specifically find that Nichols acted with ordinary care. Fedrick argues that the absence of findings[2] on this issue means that Nichols did not rebut a presumption of negligence. However, in a case tried before the court without a jury, there is a presumption of validity that resolves any ambiguities in favor of the judgment. *See **Vickery v. Comm'n for Lawyer Discipline***, 5 S.W.3d 241, 252 (Tex. App.–Houston [14th Dist.] 1999, pet. denied). Accordingly, to the extent the judgment is ambiguous as to whether Fedrick met his burden to prove negligence, we can infer from the trial court's findings and judgment that it concluded that Fedrick did not meet his burden to show negligence or that it determined that Nichols acted with ordinary care. *See*, *e.g.*, **Andrews**, 724 S.W.2d at 898 ("Because appellees produced evidence that they exercised ordinary care at every step of the venture, showing that no matter how the accident occurred it was not due to their negligence, they satisfied their burden of production under **Buchanan** thereby denying plaintiff the right to judgment as a matter of law on the issue of negligence."). The evidence supports either of these conclusions. Therefore, the evidence is legally sufficient to support the trial court's judgment.

## CONCLUSION

The trial court could not award judgment on an unpleaded cause of action. Fedrick does not contest the ruling, if it was made, that he did not plead a breach of a bailment contract cause of action, and so we do not consider whether the trial court properly could have refused to consider that cause of action. Alternately, if the trial court considered Fedrick's bailment claim on the merits, legally sufficient evidence supports the conclusion that Nichols rebutted any presumption of negligence or that Fedrick did not meet his burden to prove that Nichols was negligent. Accordingly, we ***affirm*** the judgment of the trial court.

   BRIAN HOYLE  
        Justice

Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] Neither side requested additional findings of fact or conclusions of law. *See* TEX. R. CIV. P. 298.