**BERRY EQUIPMENT COMPANY,**
**Appellant,**

v.

**BOEHCK & GARDNER EQUIPMENT**
**CO., et al., Appellees.**

**No. A14–82–379CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 27, 1983.

Jo Ann Storey, Crain, Caton, James & Womble, Houston, for appellant.

Bruce K. Bornefeld, William C. Boyd, Patterson, Boyd, Lowery & Aderholt, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and ELLIS and DRAUGHN, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Berry Equipment Company ("Berry") sued Boehck & Gardner Equipment Company, Inc. ("Boehck & Gardner") and Builders' Supply Company of Houston ("Builders' Supply") to recover for the loss of a Caterpillar D–6 bulldozer rented by Boehck & Gardner, who, in turn, leased the dozer to Builders' Supply. After trial to a jury, the trial court entered a take-nothing judgment from which Berry has appealed. We affirm.

Around September 17, 1976, Boehck & Gardner entered into an oral rental agreement with Berry Equipment whereby Boehck & Gardner, acting as broker, agreed to place a Caterpillar D–6 bulldozer owned by Berry with Builders' Supply in return for a ten percent (10%) discount on the rental fee.

The bulldozer was delivered to the Builders' Supply job site by Roadrunner Transportation, Inc. On October 1, 1976, approximately two weeks after delivery, Builders' Supply notified Boehck & Gardner the dozer was missing from the job site, and Boehck & Gardner informed Berry Equipment. The dozer was never returned to Berry.

In eight points of error, appellant contends the trial court erred in denying its motions for a directed verdict and for judg-

ment N.O.V. and in rendering judgment for appellees, Boehck & Gardner and Builders' Supply, because (1) there was no evidence to rebut the presumption of negligence by Boehck & Gardner and Builders' Supply; (2) there was insufficient evidence to rebut the presumption; and (3) the jury findings that the loss of the bulldozer was not due to negligence on the part of appellees is against the great weight and preponderance of the evidence.

In *Buchanan v. Byrd,* 519 S.W.2d 841 (Tex.1975), the Supreme Court noted that in a bailment for mutual benefit, a rebuttable presumption of negligence, and a prima facie case of liability is established by a bailor against a bailee upon proof that the bailed chattel was not returned.

 While the burden of proof on the whole case, including the issue of negligence is on the bailor, where goods have been committed to a bailee, and have been lost or returned in a damaged condition, and the bailee's liability depends on his negligence, the fact of negligence may be presumed, placing on the bailee the duty of producing evidence of some other cause of loss or injury. *Buchanan v. Byrd, supra; Trammell v. Whitlock,* 150 Tex. 500, 242 S.W.2d 157 (1951). The defaulting bailee cannot discharge his burden of rebutting the presumption of negligence by proving the bare fact of loss by fire or theft. The bailee must show the precautions taken to prevent the loss, as well as the circumstances connected with such loss. *Classified Parking Systems v. Dansereau,* 535 S.W.2d 14 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Jalco, Inc. v. Tool Traders, Inc.,* 535 S.W.2d 898 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *Allright, Inc. v. O'Neal,* 596 S.W.2d 208 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ dism'd); *see Comment, Presumptions and the Burden of Proving a Bailee's Negligence: Sufficiency of Proof to Rebut a Bailor's Prima Facie Case,* 31 Texas L.Rev. 46, 55 (1952).

In assessing appellant's no evidence points of error, this court is required to consider only that evidence which supports the finding, and then in its most favorable

light. *Schaefer v. Texas Employers Insurance Assoc.,* 612 S.W.2d 199, 201 (Tex.1980). In considering appellant's factual insufficiency points, we have the duty to consider and weigh all the evidence in the record to determine whether it supports the judgment. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Ronald Arnold Smith, an employee of Builders' Supply at the time of trial, testified that in September of 1976, he was living across the road from the Builders' Supply job site where appellant's dozer was being operated. Around 1:00 or 2:00 a.m. on a Saturday morning, Mr. Smith saw two men drive up to the job site, one in a station wagon and the other in a truck, and load the bulldozer onto the truck. Before the men were able to drive away from the site, the truck got stuck in the mud. The men then unloaded the dozer, drove the truck and the dozer to the side of the road, loaded the bulldozer onto the truck again, and drove away. Mr. Smith said he had never seen the two men, although he thought he had seen the station wagon before on the job site. The following morning, Smith gave this information to the Harris County Sheriff's Department. Smith was not employed by Builders' Supply at the time of the loss.

Three witnesses testified for appellees regarding the custom and practice of storage and protection of heavy equipment among site contractors in Harris County.

Stan Crain, a utility contractor, testified that it is not customary in Harris County to take any special precautions with heavy equipment, whether it is rented or owned. He said he had been in the construction business five to six years, and during that time, he had never seen any utility contractor, including his current employer, use special storage facilities, security guards, dogs, night lights or build fences to protect the equipment.

Joe Steed, also a utility contractor, testified that the custom and practice in Harris County is to leave heavy equipment on a job site when not in use. He said it was not customary to fence the equipment or hire

guards to protect it; in fact, the only precaution generally taken was to remove the key.

Stephyn Holland, president of an underground utility company, testified that he used no security guards or dogs, did not light up the job site, nor did he lock up the equipment in storage facilities. He also stated that the custom and practice in and around Harris County was to leave heavy equipment on a job site, with no special precautions taken to protect it.

It was the general consensus of appellees' witnesses, and, in fact, Berry Equipment so conceded, that generally, the security measures that were available (at least at the time of the loss in question) were not effective deterrents to theft of this equipment, and were not generally employed in the industry.

■ We find the evidence introduced by appellees was sufficient to rebut the presumption of their negligence. While we realize the customary practices of an industry may themselves be negligent, we believe the evidence presented a fact issue as to whether appellees established freedom from negligence, and the jury found against appellant. We must, therefore, overrule points of error one through eight.

In points of error nine and ten, appellant contends the trial court erred in submitting Special Issue Number 3, which asked the jury to determine if Berry Equipment failed to instruct appellees in regard to safekeeping procedures for the bulldozer and to which the jury answered in the affirmative.

■ We agree with appellant that a bailor has no duty to so instruct a bailee. However, it is generally held that any error in submitting an issue is harmless when the jury findings in answer to other issues are sufficient to support the judgment. *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743 (Tex.1980). The jury failed to find appellees negligent. This finding was sufficient to support the judgment. We have reviewed the record and find nothing to show that the submission of this issue resulted in an improper judgment. Tex.R. Civ.P. 434

In light of our disposition of the above points of error, we find it unnecessary to address appellees' cross-points.

The judgment of the trial court is affirmed.