Joe MAYHAR, Individually and d/b/a
Joe Mayhar Texaco, Appellant,

v.

Vennie TRIANA, Appellee.

No. 11–85–231–CV.

Court of Appeals of Texas,
Eastland.

Dec. 5, 1985.

Rehearing Denied Jan. 9, 1986.

Marion G. Holt, Holt & Tatum, Nacogdoches, for appellant.

Stephanie A. Smith, Stripling & Sutton, Nacogdoches, for appellee.

## OPINION

McCLOUD, Chief Justice.

This is a bailment case. Vennie Triana, bailor, sued Joe Mayhar, individually and doing business as Joe Mayhar Texaco Station, bailee, for damages to bailor's automobile. Bailor's 1977 Chevrolet automobile stopped running in front of bailee's service station. Both parties agreed that bailee would repair the vehicle by installing a carburetor kit at a cost of $50.00. The automobile caught fire while in the possession of the bailee. The trial court granted a partial summary judgment in favor of bailor on the issue of liability. A jury later found the damages to the automobile to be $1,100. The trial court rendered final judgment against the bailee for $1,100 plus attorney's fees found by the jury. We affirm.

The summary judgment proof on the issue of liability establishes that the bailor delivered her automobile to the bailee and that the bailee returned the automobile in a damaged condition. The trial court held that the bailee's negligence was established as a matter of law because the bailee failed to rebut the presumption of negligence.

Bailee argues that the trial court erred in granting summary judgment on the issue of liability because the presumption of bailee's negligence was rebutted by summary judgment proof that the bailor's automobile was damaged by fire.

Our Supreme Court in *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975), cited *Trammell v. Whitlock*, 150 Tex. 500, 242 S.W.2d 157 (1951), for the general rule:

The defendant-petitioner is correct in his contention that the burden of proof on the whole case, including the issue of negligence, is on the respondent bailor, but as stated in Wigmore on Evidence, 3rd Ed., sec. 2508, "Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury." Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all.

Bailee contends, however, that the instant case involves the "fire and theft" exception to the general rule. This exception was recognized in *Stringer v. Yarbrough*, 378 S.W.2d 416 (Tex.Civ.App.—El Paso 1964, writ ref'd n.r.e.), wherein the court said:

In Texas it seems settled that once the bailee establishes that the bailed article was destroyed by fire, there is no presumption against him, and the burden of showing negligence is on the bailor.

The "fire and theft" exception applied in *Stringer* was placed in doubt in *Buchanan* when the Court said:

[T]he rule applied in Texas fire and theft cases is contrary to the weight and trend of modern authorities. See 8 Am.Jur.2d, Bailments secs. 321, 1211 and 44 A.L. R.3d 190. We are convinced that the rule should be reexamined in an appropriate case instead of extending its application to other types of bailment losses.

Following *Buchanan*, several courts have rejected the former Texas "fire and theft" exception to the general rule. The court in *Classified Parking Systems v. Dansereau*, 535 S.W.2d 14 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ), reexamined and rejected their "former allegiance" to the so-called "fire and theft" exception to the general rule. The court stated:

This rule which permits a bailee's negligence to be presumed was fathered by necessity. As viewed by the Texas courts, the sole reason for its existence is a bailor's need of aid in proving a just cause of action. Little aid is provided if a negligent bailee can discharge his burden of producing evidence by showing only the bare fact of loss by fire or theft. Comment, Presumptions and the Burden of Proving a Bailee's Negligence, 31 Texas L.Rev. 46, 55 (1952).

See also *Allright, Inc. v. Strawder*, 679 S.W.2d 81 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Southwest Craft Center v. Heilner*, 670 S.W.2d 651 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.); *Berry Equipment Company v. Boehck & Gardner Equipment Co.*, 662 S.W.2d 661 (Tex.App.—Houston [14th Dist.] 1983, no writ); *Sanroc Company International v. Roadrunner Transportation, Inc.*, 596 S.W.2d 320 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Jalco, Inc. v. Tool Traders, Inc.*, 535 S.W.2d 898 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ).

We agree with the above cited cases that the "fire and theft" exception should no longer be followed in Texas. The rationale for the general rule, the presumption of negligence against the bailee, is also applicable in bailment cases involving fire and theft. The Supreme Court in *Buchanan* stated:

It has been suggested, and we agree, that this presumption against bailees for hire is justified not only because of a bailor's often insurmountable burden of proving a bailee's negligence, but because it tends to promote more caution in the handling and keeping of chattels entrusted to the care of bailees on parking lots, in warehouses, laundries, and other

business establishments. "Presumptions and the Burden of Proving a Bailee's Negligence...." 31 Tex.L.Rev. 46, 51–52 (1952); 52 Tex.L.Rev. 1329, 1362 (1974).

The Supreme Court added:

> The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care.

We conclude that the cases decided before *Buchanan* recognizing the "fire and theft" exception to the general rule are no longer controlling. Also, we do not agree with the rationale in *Lufkin Industries, Inc. v. Mission Chevrolet, Inc.*, 614 S.W.2d 596 (Tex.Civ.App.—Waco 1981, no writ), and *D & D Associates, Inc. v. Sierra Plastics, Inc.*, 570 S.W.2d 205 (Tex.Civ.App.—Waco 1978, no writ), that the exception still applies to "fire" cases but not to "theft" cases.

■ The bailee's summary judgment proof concerning liability consists of Mayhar's affidavit stating that the automobile "caught on fire for some reason unknown to me." This response by the bailee is insufficient to rebut the presumption of negligence. The Supreme Court in *Buchanan* discussed how a bailee may rebut the presumption of negligence.

> *Trammell* follows the majority trend of requiring an exculpatory explanation from a defaulting bailee in order for him to rebut the presumption of his own negligence. A mere showing by the bailee of lack of knowledge how the loss occurred is not sufficient. The general rule is that in order to rebut the presumption of his negligence, the defaulting bailee must show how the loss occurred and that it was due to some other cause than his own neglect or negligence or that, however the loss occurred, it was not due to his negligence.

The bailee failed to rebut the presumption of negligence. The trial court properly held that liability was established as a matter of law.

The bailee also contends that the trial court erred in not granting his motion to "dismiss" because the evidence before the jury showed that the title to the automobile was not in the bailor's name. The title was assigned to the bailor's deceased son who died without a will, unmarried, and without children.

The court in *Villa v. Alvarado State Bank*, 611 S.W.2d 483 (Tex.Civ.App.—Waco 1981, no writ) stated:

> [T]he name on a certificate of title is not conclusive of ownership. The certificate of title only creates a presumption of ownership in a party whose name is shown thereon. The presumption may be overcome by evidence showing that in fact ownership is elsewhere.

■ The record clearly establishes that the bailor either solely owned the automobile because of an inter vivos gift from her son, or at least, she owned an interest in the car at the time of trial. The bailee did not ask the court to abate the suit and join the bailor's other two children as parties. See TEX.R.CIV.P. 39 and TEX.PROB. CODE ANN. sec. 38(a)2 (Vernon 1980). The bailee requested that the court dismiss the suit. The court properly overruled the bailee's motion to dismiss the case.

The judgment of the trial court is affirmed.