

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00289-CV

---

DAVID SCOT LYND                                                    APPELLANT

V.

LEA COX                                                             APPELLEE

----------

FROM THE PROBATE COURT OF DENTON COUNTY
TRIAL COURT NO. PR-2011-00093

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

Pro se appellant David Scot Lynd[2] appeals the trial court's summary judgment in favor of appellee Lea Cox. In thirty-two issues, Lynd argues that the

---

[1]*See* Tex. R. App. P. 47.4.

[2]At trial, Lynd was represented by counsel.

trial court erred by granting summary judgment. Lynd's brief and reply brief contain numerous allegations that Cox perjured herself during the course of this case; that Cox submitted fraudulent documents in support of her summary judgment motion; that the attorneys in this case reached agreements behind his back out of fear of Cox's influence over the trial court's ability to impose sanctions if Lynd's attorney defended this suit correctly; that Cox illegally avoided the probate of her father's will to falsify title closure on the property involved in this case; and that due to Cox's "back room interference," the trial court assisted Cox at trial because it needed "a way to ignore" the law and evidence applicable to this case. At one point in his briefing, Lynd contends that Cox's initial attorney in this case was a "criminal attorney" that Cox hired specifically because of her own "criminal activity" and "felony acts." Lynd directs us to no record evidence for any of these allegations. We will affirm.

## II. BACKGROUND

Lynd filed this suit in February 2011. In his amended petition, the live pleading at the time of summary judgment, Lynd sought damages under the theories of breach of contract, quantum meruit, and judicial foreclosure of constitutional liens. As described in his petition, these causes of action relate to "construction of improvements to property" alleged to be owned by Cox when Lynd performed the construction. The damages Lynd sought specifically relate to a "deck and patio cover, storage building, and gutters." As can be gleaned

2

from the record, Cox once owned a mobile home situated on a lot in Lewisville.[3] The record indicates that Cox never owned the real property but at one time owned the mobile home. It is not disputed that Lynd made these improvements to the mobile home.

After discovery, Cox filed her motion for summary judgment, claiming the affirmative defenses of accord and satisfaction and res judicata. She also asserted that Lynd failed to establish his right to judicial foreclosure based on constitutional liens.

As to her defense of accord and satisfaction, Cox attached an affidavit to her motion in which she stated that she had personal knowledge that a receipt, which she also attached to her motion, was a true and correct receipt signed by Lynd in which he agreed to forego collection for the work on the deck and patio cover, storage building, and gutters in lieu of past rent that he owed Cox for the months of March, April, and May 2007. Cox also attached Lynd's deposition testimony in which he admits that he signed the receipt acknowledging Cox's payment in full for the services. She further attached a purported "abandonment notice" signed by Lynd in August 2007, wherein Lynd "voluntarily vacate[d Cox's mobile home]" and wherein he "recind[ed] any claim through notice of abandonment, or any other notice, or right known or unknown." Moreover, Cox

---

[3]The real property is located at 402 E. Highway 121, Lot 500, Lewisville, Texas.

attached Lynd's deposition testimony in which he stated that he drafted and signed this document.

As to her defense of res judicata, Cox averred that Lynd had already sought damages for the work he performed on the deck and patio cover, storage building, and gutters in an earlier action in justice court. In support of this position, Cox attached petitions, notices, and orders for dismissals with prejudice on claims that Lynd had asserted in a previous action in justice court relating to work performed on the deck and patio cover, storage building, and gutters.[4]

Cox also attacked Lynd's constitutional-lien claims in her motion. Cox averred that she never owned the real property on which the mobile home she once owned was situated and that the bank repossessed the mobile home sometime after Lynd voluntarily abandoned it in August 2007.

In his response, Lynd argued that "all purported agreements were based on duress." In support of this position, Lynd attached portions of his own deposition testimony in which he stated that he signed the receipt "Pretty much. Under duress." When asked what duress he was speaking of, Lynd testified that Cox had given him the ultimatum to "[e]ither give [the receipt] to her or move out."

---

[4]There is also evidence in the record that Lynd filed a different suit alleging a marriage between him and Cox. In that suit, Lynd attempted to have the alleged couple's estate divided. According to an order attached to Cox's motion, the trial judge in that case sanctioned Lynd and ordered him to pay Cox's attorney's fees and court expenses. In her motion, Cox averred that Lynd has not paid her any of the monies ordered.

Although Lynd responded to Cox's res judicata argument with the position that "foreclosure of mechanic's and constitutional lien[s]" could not have been part of the previous action in justice court, Lynd did not provide any evidence to contradict Cox's position and evidence that she never owned the real property that the mobile home was situated on, nor did Lynd present any evidence contrary to Cox's position that the mobile home had been repossessed.

At the summary judgment hearing, Lynd objected to Cox's summary judgment evidence, asserting that her affidavit and supporting documents did not rise to the level of competent summary judgment evidence. While overruling Lynd's objection, the trial court noted that Cox's affidavit recited that she had personal knowledge of the facts stated within her affidavit and supporting documents and that she knew the facts asserted to be true and correct. Furthermore, Lynd ultimately conceded that he was unaware of who owned the property or that the mobile home had been repossessed, but he did not bring forward any evidence at that time to contradict Cox's position that she did not own the real property or that the mobile home had been repossessed. At the conclusion of the hearing, the trial court granted Cox's summary judgment motion. This appeal followed.

## III. DISCUSSION

Because we conclude that the trial court's summary judgment is valid under at least one theory of law asserted in Cox's summary judgment motion regarding Lynd's breach of contract and quantum meruit claims—namely, her

5

affirmative defense of accord and satisfaction—we will address Lynd's issue on appeal regarding accord and satisfaction. Further, because we conclude that the trial court properly granted summary judgment as to Lynd's constitutional-lien claims based on Cox's uncontroverted evidence that she never owned the real property and that the mobile home was repossessed by the bank, we will address Lynd's issue on this subject as well. We need not address Lynd's other thirty issues because our resolution of these two issues is dispositive of all relief that Lynd requests. *See* Tex. R. App. P. 47.1.

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). When, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Knott*, 128 S.W.3d at 216; *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

6

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010), *cert. denied*, 131 S. Ct. 1017 (2011); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## B.    Accord and Satisfaction

Accord and satisfaction is a defense that rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation in a manner other than originally agreed. *Smith–Hamm, Inc. v. Equip. Connection*, 946 S.W.2d 458, 462 (Tex. App.—Houston [14th Dist.] 1997, no writ). The accord is merely a new agreement whereby one party agrees to give or perform and the other to accept something other than or different from what she is, or considers herself to be, entitled. *City of Houston v. First City*, 827 S.W.2d 462, 472 (Tex. App.—Houston [1st Dist.] 1992, writ denied). Satisfaction is then the performance of the agreement. *Melendez v. Padilla*, 304 S.W.3d 850, 852–53 (Tex. App.—El Paso 2010, no pet.).

Here, Cox provided summary judgment evidence via her affidavit and an attached receipt that demonstrated that Lynd had entered into an agreement to discharge Cox's obligations to pay for the construction of the deck and patio cover, storage building, and gutters in lieu of past rent owed by Lynd to Cox.

7

*See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (holding that photocopy of note attached to affidavit of holder, who swore it was true and correct copy, was proper summary judgment evidence and was sufficient as matter of law to prove status of owners and holders of note absent controverting summary judgment proof). To her motion, Cox further attached excerpts of Lynd's deposition testimony wherein he admitted that he had written and signed the receipt and that the purpose of the receipt was to discharge Cox's debt in relation to these improvements to the mobile home so that Cox would forgive his past rent arrearage and allow him to continue to live in the mobile home. *See* Tex. R. Civ. P. 166a(c) (providing for trial court to rule on summary judgment motion based on, among other evidence, deposition transcripts referenced or set forth in motion or response).

On appeal, Lynd argues that the receipt is a "false, untrue, and ingenuous (sic)" document, but Lynd failed to specifically present this issue in his response to Cox's summary judgment motion at trial. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex. 1993) (holding that unless the issue is specifically presented in the response, courts cannot look to the nonmovant's brief or evidence to determine whether that issue precludes summary judgment). Thus, Lynd has failed to preserve this issue for review.

In his summary judgment response at trial and at the hearing, Lynd did argue that he entered the agreement to forego payment for his services in lieu of past rent owed "[u]nder duress." As evidence of duress, Lynd pointed to his own

8

deposition testimony in which he testified that the reason he signed the receipt is because Cox had said that if he did not, then she would force him to move out. But the trial court properly determined that as a matter of law, Cox's having threatened eviction for Lynd's failure to pay rent was her legal right, and duress does not exist when a person threatens to do what she has the legal right to do. *See Matthews v. Matthews*, 725 S.W.2d 275, 279 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (reasoning that threatening to do what person has legal right to do cannot form basis of duress).

In fact, in his deposition testimony, Lynd agreed that Cox had the right to force him to leave the premises. Viewing the evidence in light most favorable to Lynd, we hold that Cox established, via competent summary judgment evidence, that she and Lynd had entered into an agreement whereby she agreed to forgive Lynd's past rent debt in return for his forgiving any monies he was entitled to for the construction he performed on the deck and patio cover, storage building, and gutters. *See First City*, 827 S.W.2d at 472. In short, we conclude that the trial court's summary judgment as to Lynd's breach of contract and quantum meruit claims is supported by Cox's affirmative defense of accord and satisfaction, which she presented in her motion for summary judgment.

### C.    Constitutional Liens

Woven throughout the initial thirty-two issues he briefed and again in his lengthy reply brief, Lynd argues that Cox failed to provide competent summary

9

judgment evidence that she did not own the property that he seeks judicial foreclosure against based on constitutional liens.[5]

Lynd argues that Cox perjured herself, failed to provide documents to prove that she was not the owner of the property, and otherwise engaged in "blatant word games and false statements to avoid responsibility." It seems that Lynd is arguing that Cox's affidavit is insufficient as summary judgment evidence because he perceives a contradiction in Cox's statements regarding the property. Cox averred that she never owned the real property and that although she once owned the mobile home, it had been repossessed and thus she no longer owned it. Lynd argues that Cox's position that she never owned the real property and her position that she once owned the mobile home that was later repossessed are at odds with each other. We fail to see Lynd's point. The real property that the mobile home sat upon at one time is distinct from the mobile home itself.

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Fernandez*, 315 S.W.3d at 508. Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with

---

[5]In his briefing, Lynd provides what appear to be three perfected mechanic and constitutional liens against the property involved in this suit. But these documents are outside of the summary judgment evidence, and we can consider only the material on file with the trial court as of the time the summary judgment was granted. *Brookshire v. Longhorn Chevrolet Co.*, 788 S.W.2d 209, 213 (Tex. App.—Fort Worth 1990, no writ).

10

competent controverting evidence that raises a fact issue. *Van v. Peña*, 990 S.W.2d 751, 753 (Tex. 1999).

Here, Cox provided competent summary judgment evidence that she never owned the real property that Lynd seeks to foreclose upon, and she also provided competent summary judgment evidence that the mobile home that she once owned that sat upon the real property had been repossessed. This evidence conclusively negated an essential element to Lynd's constitutional-lien claim, and Lynd failed to provide any controverting evidence. In fact, rather than presenting evidence to the contrary, Lynd's attorney admitted at the summary judgment hearing that he was unaware that Cox no longer had any property interest in the land or mobile home and that the reason that this claim had "progressed . . . without any knowledge that [Cox] no longer [had] any property interest" was because of her alleged "failure to notify" Lynd. *See Gibson v. Bostick Roofing & Sheet Metal Co.*, 148 S.W.3d 482, 495 (Tex. App.—El Paso 2004, no pet.) ("While the lien could have attached to Brown's equitable ownership interest, the lien was extinguished when Brown defaulted on his payments and Gibson repossessed the property."); *see also S. Tex. Truss Co., LLC v. Lara*, No. 13-11-00199-CV, 2011 WL 3855464, at *7 (Tex. App.—Corpus Christi Aug. 31, 2011, no pet.) ("where the contract for labor, materials or construction is not made with the owner or his duly-authorized agent," a lien may not be fixed on his property.) (mem op., not designated for publication) (*citing Gibson*, 148 S.W.3d at 494). We conclude that Cox conclusively negated an

11

essential element of Lynd's constitutional-lien claim and that the trial court did not err by granting summary judgment as to this claim based on Cox's motion.

## IV. CONCLUSION

Because we conclude that Cox established that she was entitled to summary judgment as to Lynd's claims for breach of contract and quantum meruit based on the affirmative defense of accord and satisfaction, and because we hold that Cox conclusively negated an essential element of Lynd's constitutional-lien claim, we affirm the trial court's judgment.

PER CURIAM

PANEL:  MEIER, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DELIVERED:  August 25, 2014